Karan **GUPTA,** Plaintiff–Appellant,

v.

**NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY,** Defendant–Appellee.

No. 07–2991–cv.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Karan Gupta, pro se appellant.

Cheryl Payer, Assistant Corporation Counsel, (Alan Beckoff, Assistant Corporation Counsel, on the brief), for Michael A. Cardozo, Corporation Counsel, City of New York Law Department, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff Karan Gupta appeals from an award of summary judgment in favor of defendant New York City School Construction Authority ("SCA") on his claims of discrimination on the basis of race and national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* We review an award of summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *accord Ollman v. Special Bd. of Adjustment No. 1063,* 527 F.3d 239, 245 (2d Cir.2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. *Discrimination*

Gupta submits that the district court erred in concluding that he failed, as a

matter of law, to demonstrate *prima facie* race or age discrimination in defendant's failure to promote him on two occasions and its decision ultimately to terminate his employment as part of a reduction in force ("RIF"), while promoting and retaining younger and/or white employees. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 76 (2d Cir.2005). Notably, the district court ruled that Gupta did "not allege[ ] any animus, any derogatory comments, or anything else" that would raise an inference of discrimination. *Gupta v. N.Y. City Sch. Constr. Auth.*, 04 CV 2896, 2007 WL 1827418, at *4 (E.D.N.Y. Jun.25, 2007).

■ Gupta contends, however, that discrimination could be inferred because the employees who were promoted or retained were "less academically qualified with less professional experience" than he. Appellant's Br. at 5. The district court correctly dismissed this allegation as mere speculation. *See Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir.1995) ("a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment" (internal quotation marks omitted)). Furthermore, even if we accept that the qualifications described in the résumés provided by Gupta constitute all of the relevant credentials, Gupta still has not enabled an inference that any adverse employment decision was made for discriminatory reasons. The employees who were selected for promotion or retained during the RIF were eminently qualified, even in direct comparison to Gupta, and we "must respect the employer's unfettered discretion to choose among qualified candidates." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001).

Gupta acknowledges that the analysis SCA conducted to determine whether its layoff policy as part of the RIF would result in a disparate impact against any racial, age, or gender group showed a disparity of less than two standard deviations between the minority and majority groups, which is generally insufficient to raise an inference of discrimination. *See Malave v. Potter*, 320 F.3d 321, 327 (2d Cir.2003) ("The District Court should also consider whether [a plaintiff] can show a statistically significant disparity of two standard deviations." (internal quotation marks omitted)). He nevertheless argues that there would have been greater diversity had he not been fired. Federal anti-discrimination laws, however, do not mandate perfect diversity or a certain ratio of minority and majority groups in the workplace. They prohibit only discriminatory employment actions on the basis of a protected ground. Without evidence raising an inference of discrimination, Gupta cannot make out a discrimination claim. We therefore conclude that the district court properly granted summary judgment on the failure to promote and unlawful termination claims.

## 2. *Retaliation*

Gupta alleges that SCA unlawfully retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and bringing a lawsuit by refusing to rehire him to his previous position as Managing Architect. *See* 42 U.S.C. § 2000e–3(a); 29 U.S.C. § 623(d). The district court dismissed the retaliation claim because Gupta never submitted an application for the Managing Architect position, and the law requires "a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested pro-

motion." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir.1998).

Gupta argues that he had "been persistent in [his] efforts to get a job" "through the help of the EEOC, various employment agencies and by contacting Elan Abneri" at SCA. Appellant's Br. at 5. But asking the EEOC for help in getting his SCA job back, submitting résumés through a private employment agency, or making one phone call to a former colleague that was never answered or returned do not amount to a "specific application." *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir.2004). To hold otherwise would place an "unfair burden" on SCA, *Petrosino v. Bell Atl.*, 385 F.3d at 226–27, "to keep track of all [former] employees who have generally expressed an interest in [being rehired] and [to] consider each of them for any opening for which they are qualified but did not specifically apply," *Brown v. Coach Stores, Inc.*, 163 F.3d at 710. Because Gupta cannot claim retaliation based on defendant's failure to rehire him for a position for which he did not apply, this claim was properly dismissed.

We have considered all of Gupta's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the award of summary judgment in favor of defendant is AFFIRMED.